IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEREMIAH W. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-667-WKW |
| | ) |
| ELMORE COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

A review of the complaint filed in this case reveals that the plaintiff lists several "Doe" defendants as parties. The Federal Rules of Civil Procedure do not provide for fictitious party practice as it is incompatible with federal procedure. *See* Rule 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties ..."); *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court and plaintiff's failure to name parties required that court strike parties.); *Watson v. Unipress*, 733 F.2d 1386, 1388 (10th Cir. 1984)(plaintiff did not amend the complaint with identities of unknown defendants, and, therefore, no one directly involved in incident was named as defendant.). Accordingly, it is ORDERED that on or before August 22, 2006 the plaintiff shall file with this court an amendment to his complaint which:

1. Informs the court of the true names of each "Doe" defendant who allegedly violated his constitutional rights.

2. Specifically describes how each of these individuals violated his constitutional rights.

The plaintiff is cautioned that if he fails to properly respond to this order service on the fictitious parties will not be effectuated, these persons will not be considered parties to this cause of action, and this case will proceed only against those defendants properly named and on whom service is perfected.

Done this 28th day of July, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE