IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEREMIAH W. GREEN, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 2:06-CV-667-WKW
 ) [WO]
ELMORE COUNTY JAIL, et al., )
 )
    Defendants. )
 )

## MOTION TO AMEND DEFENDANTS

Now comes the Plaintiff, Jeremiah W. Green, PRO SE, and respectfully requests that the Elmore County Jail be removed as a Defendant, in the above style and case number. In the stead of the Elmore County Jail, Plaintiff respectfully requests that the municipality of Elmore County be named as a Defendant. Plaintiff will state in the attached Memorandum of Law, reasons for such a request.

Additionally, Plaintiff requests leave to add a Jeff Doe.

## MEMORANDUM OF LAW

In 1978, the Court decided that a municipality, such as Elmore County is a "person" subject to liability under §1983, when an action was alleged to be unconstitutional if it was formulated or implemented by a policy, statement, ordinance, regulation, or decision offically adopted by the municipality's officers.

The painting of "bow ties" on the food service trays, the providing of a "thermos cooler" with "bow ties" painted thereon was a custom or policy enacted by those officers that are the county body. Citing Monell v. N.Y. City Dept. of Soc. Serv., 56 L.Ed. 2d 611, 612 (S.Ct. 1978).

---1---

In <u>Ancata v. Prison Health Services,</u> Inc. 769 F.2d 700 (1985), the issue of the counties liability and the establishment of a policy, or custom requiring that inmates needing medical assistance obtain court orders, and that the result of that policy or custom played a role in the delay or treatment, then the county may be liable. In the instant case, the Elmore County Jail, as an extension of the County of Elmore, has in place a policy that Plaintiff asserts is an absolute contravention of his constituional right to privacy, and to his "safe keeping". In Plaintiff's statement of claim we referred to <u>Nolley v. Erie County</u>, a 2nd Circuit case where the medical records of an inmate were made public to the other inmates. Such contravention of Nolley's constitutional rights was a violation in Nolley, nearly 20 years past, and is today, 2006, in the instant filing.

In <u>Thornton v. U.S. Dept. of Justice</u>, 93 F.Supp.2d 1057 (D. Minn. 2000) both issues of this motion were noted in one case. The issue of liability on the part of a county, Anoka county, specifically, as well as "Doe" defendants was discussed. Regarding the county, at 1069, the court noted;

"Rather, <u>Springale</u>, [133 F.3d at 651-652], emphasizes that "a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations" For these reasons, the court finds that plaintiff's complaint adequately pleads that Anoka County officials have a widespread custom of failing to provide care for his serious medical needs, even though the words "custom" or "policy" do not appear in the complaint.

## MOTION IN SUPPORT OF "DOE" DEFENDANTS

Plaintiff, respectfully requests consideration from this Honorable Court to note the cite referred to in Dean v. Barber, that is at 1216, Keno v. Doe, 74 F.R.D. 587, 588 n. 2 (D.N.J. 1977). Noted from Keno, ("[C]omplaint should state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served".

Unfortunately with the limited research facilities at the FPC Atlanta, and the time alloted for Plaintiff to respond the ability to secure this case, and read it thoroughly for how "on point" the order in Keno may have been in respect to the instant case, was not possible. Plaintiff requests the Court's flexibility in regard to this cite. However, in Dean, id., at 1215, we note, regarding the "Chief Deputy of the Jefferson County Jail", was noted as "John Doe", as Dean had no knowledge of the Sheriff's actual name. The District court dismissed on this point, but was over ruled. Petitioner respectfully asserts that this issue in Dean is strikingly similar to the instant case. Plaintiff knows the individual's and their job titles, is adequately prepared to describe them in such detail as required in Keno, and has done so in the attached declaration, annexed as Plaintiff's exhibit AA.

Finally, in a 2nd Circuit case, strikingly similar to the instant case, the Honorable District Judge Siracusa ordered the Sheriff of the Niagara County Jail to provide the name of the two defendant's named in 1:05-CV-0868, Martin II v. Niagara et al. One was "Nurse Becky Doe", the other was "Doe Medical Corporation".

---3---

In the Martin case, (W.D.N.Y 2006) the Decision and Order, dated June 2, 2006 addressed the issue of a "Doe" nurse, and a "Doe" Medical Corporation. In the Martin case, the Plaintiff knew of the existence of the nurse, by identifiable characteristics, and appearance, and upon information and belief was advised that a medical corporation was the provider of services to inmates, but that none at the Niagara County Jail knew the name of the medical corporation. Judge Siracusa based upon the time sensitive nature of service and statute of limitations, ruled that immediately upon service the Sheriff of Niagara County, N.Y. immediately provide the identity of such Defendants. At page 3, and continuing to page 4,;

> However, because the information sought by plaintiff may be necessary to properly serve one or more defendants, and the plaintiff risks missing the statute of limitations if he can only puruse the identities after service and the commencement of the discovery process[2], the Court will also direct defendant Sheriff Beilin to identify for plaintiff Nurse Becky Doe and Doe Medical Corporation as soon as possible after the complaint has been served.[3]

---

[2] Barrow v. Wethersfield Police Dept., 66 F.3d 466, 470 (2d Cir. 1995). In Barrow, this issue arose regarding the identity of 10 unknown officers. Barrow cies, Worthington v. Wilson in the 7th Cir. 8 F.3d 1253, 1256, which quotes Wood v. Worachek 618 F.2d 1225, 1230 in the 7th Cir., and Wilson v. U.S. 23 F.3d 559, 563 (1st Cir.) Western Contracting Corp. v. Bechtel Corp. 885F.2d 1196, 1201 (4th Cir. 1989), and Talbert v. Kelly, 799 F.2d 62, 66 n.1 (3d Cir. 1986). All above cites discuss the use of John or Jane Doe defendants.

[3] The Second Circuit has determined that, even "...there is a greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done". Davis v. Kelly, 160 f.3d 917, 922 (2d Cir. 1998)

Further support for Plaintiff's request to this Court for direction and assistance in identifying the officers who violated Plaintiff's rights, comes from the most identifiable case of "Doe" defendants, <u>Bivens v. Six Unknown Narcotic Agents</u>, 91 S.Ct. 1999, 2001, 29 L.Ed.2d 619 (1971). At 2001, [FN2], the District Court's initial order, fulfilled the needs of justice by noting;

> The agents were not named in petitioner's complaint, and the District Court ordered that the complaint be served upon "those federal agents who it is indicated by the records of the United Staates Attorney participated in the November 25, 1965, arrest of the [petitioner]." App.3. Five agents were ultimately served.

Referring to another case in the 2nd Circuit, Petitioner cites, <u>Davis v. Kelly</u>, 160 F.3d 917 (2nd Cir. 1998), at 921;

> Similarly, courts have rejected the dismissal of suits against unnamed defendants described by roles, see <u>Murphy v. Kellar</u>, 950 F.2d 290, 293 (5th Cir.1992); <u>Smith-Bey v. Hospital Administrator</u>, 841 F.2d 751, 759 (7th Cir.1988), defendants only identified as "John Doe's,"; <u>Wilger v. Department of Pensions & Security</u>, 593 F.2d 12, 13 (5th Cir. 1979), until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials.
>
> We therefore hold that when a pro se plaintiff brings a colorable claim against supervisory personnel, and those supervisory peronnel respond with a dispositive motion grounded in the plaintiff's failure to identify the individuals who were personally involved, under circumstances in which the plaintiff would not be expected. To have that knowledge, dismissal should :.. occur without an opportunity for additional discovery.

Plaintiff respectfully requests that the Corrections Officers known as "Does" not be removed from this motion, nor that the county Attorney "Doe" be removed. It is Plaintiff's request that in addition to not dismissing the "Does" that the Warden be ordered to assist Plaintiff in discovery and to who was working and the names of each defendant so named.

---5---

Plaintiff respectfully requests that this Honorable Court ORDER the Warden of the Elmore County Jail to provide the names of the Officers on duty the evening of 21st day of February, 2006 who may have interfaced with Plaintiff. Plaintiff has provided a Declaration identifying the characteristics and description of each of the four separate officers. Plaintiff respectfully suggests that such an ORDER would be supportive of the concept of Davis, to "insure that constitutional deprivations are redressed and that justice is done."

Respectfully submitted,

Date: August 08, 2006

Jeremiah W. Green
Inmate # 11165-171
Atlanta FPC
P.O. Box 150160
Atlanta, Ga. 30315-0160

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEREMIAH W. GREEN, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:06-CV-667-WKW
) [WO]
ELMORE COUNTY JAIL, et al., )
)
    Defendants. )
)

## CERTIFICATE OF SERVICE

I, JEREMIAH W. GREEN, Plaintiff, Pro Se, hereby declares, pursuant to 28 U.S.C. §1746, that I mailed, using the United States Postal Service, the following "Motion to Amend Defendant's" and "Motion in Support of "Doe" Defendants," affixing proper First Class Postage, to the following individual(s):

Office of the Clerk
United States District Court
Post Office Box 711
Montgomery, Alabama 36101-0711

Sworn and Executed this 8th day of August 2006.

Respectfully Submitted,

Jeremiah W. Green, Plaintiff
Inmate # 11165-171
Federal Prison Camp Atlanta
Post Office Box 150160
Atlanta, Georgia 30315-0160

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 AUG 11 A 9:41

JEREMIAH W. GREEN, )
   Plaintiff, )
)
v. )
) CIVIL ACTION NO. 2:06-CV-667-WKW
ELMORE COUNTY JAIL, et al., ) [WO]
   Defendants. )
)
)

## DECLARATION OF PLAINTIFF UNDER PENALTY OF PERJURY

JEREMIAH W. GREEN, being competent to make this declaration and having personal knowledge of the matters stated therein, declares, pursuant to 28 U.S.C. §1746:

1. Defendant John Doe is a Correctional Officer at the Elmore County Jail, located at 8955 U.S. Highway 231, Wetumpka, Alabama 36092. Upon Plaintiff's information and belief, John Doe is a white male, approximately 27 to 33 years of age, approximately five feet nine inches tall (5'9") and is slightly above average weight. John Doe was my initial contact at the Elmore County Jail, he was the receiving officer and the officer whom entered my information into the jail's database. He was the officer whom accepted my packet of United States Marshal Service and Federal Bureau of Prisons paperwork from the officer who drove me to the jail from the Federal Prison Camp Montgomery on Tuesday, February 21, 2006. John Doe was the first jail employee to learn of

---1---          **"EXHIBIT AA"**

my illness and was the employee who consulted with his colleague, whom I presume was his superior, Defendant Jack Doe, regarding how my illness would be handled.

2. Defendant Jack Doe is a Correctional Officer and possibly one in a supervisory capacity, at the Elmore County Jail, located at 8955 U.S. Highway 231, Wetumpka, Alabama 36092. Upon Plaintiff's information and belief, Jack Doe is a white male, approximately 55 to 70 years of age, approximately five feet ten inches tall (5'10") and is fairly thin, has balding dark hair and wears glasses. Jack Doe was my second contact at the Elmore County Jail, he was assiting the receiving officer, Defendant, John Doe at the receiving and discharge desk. Jack Doe instructed Defendant Jim Doe to have Plaintiff "Dress out" in the "necessary" attire.

3. Defendant Jim Doe is a Correctional Officer and possibly one in a supervisory capacity, at the Elmore County Jail, located at 8955 U.S. Highway 231, Wetumpka, Alabama 36092. Upon Plaintiff's information and belief, Jim Doe is a black male, approximately 40 to 60 years of age, approximately six feet one inches tall (6'1") and has a semi-muscular build. Jim Doe was my third contact at the Elmore County Jail, he received orders regarding my personal property and my "Dress out" instructions from Defendant Jack Doe once Defendant John Doe had my paperwork and intake packet complete. Jim Doe provided me with red medical scrubs and disposable "slippers" and

   instructed me to "Dress out" and Jim Doe then stored my personal property. Jim Doe then escorted me down a long hallway where he approached a doorway and an inmate "trustee" provided me with my bed-roll. Jim Doe then instructed that inmate to give me the special "Black Tie" cooler because I was a "Black Tie." Once I received my "Black Tie" cooler from the trustee, I was escorted by Jim Doe to my cell-block/dormitory.

4. Defendant Jane Doe is an employee of the Elmore County Jail, located at 8955 U.S. Highway 231, Wetumpka, Alabama 36092. Jane Doe's job title is unknown to the Plaintiff. Upon Plaintiff's information and belief, Jane Doe is a white female, approximately 42 to 55 years of age, approximately five feet six inches tall (5'6"), wears glasses, has brown hair above the shoulder, is above average weight and Jane Doe was dressed in plain civilian clothing, rather than a uniform. Jane Doe was my fourth contact at the Elmore County Jail, this contact was initiated when I requested a PIN number for the Jail phone system. Hours later when Jane Doe returned to the cell-block/dormitory, she yelled "Black Tie - come get your phone number!" Plaintiff later had another contact with Jane Doe when he reported that his PIN number did not work. Jane Doe replied with "You don't need to make phone calls anyway." Plaintiff finally was able to obtain a working PIN from another inmate.

5. Defendant Jeff Doe is an employee of the Elmore County

    Jail, located at 8955 U.S. Highway 231, Wetumpka, Alabama 36092.  Jeff Doe's job title is unknown to the Plaintiff.  Upon Plaintiff's information and belief, Jeff Doe is a white male, approximately 35 to 45 years of age, is between five foot eight (5'8") and five foot eleven inches tall (5'11") and is approximately average weight.  Jeff Doe was the fifth person I had contact with at the Jail.  Jeff Doe delivered my dinner, which was served on a "Black Tie" tray, accompanied by a disposable spoon and a clear plastic garbage bag for me to place my tray into when I was finished eating.

6. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of August 2006.

*Jeremiah W. Green*
Jeremiah W. Green
Federal Prison Camp Atlanta
Post Office Box 150160
Atlanta, Georgia 30315-0160