IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JEREMIAH W. GREEN                  *

    Plaintiff,                    *

        v.                         *        2:06-CV-667-WKW

ELMORE COUNTY JAIL *et al.*,       *

    Defendants.                   *

_____


**ORDER**

A 42 U.S.C. § 1983 action has been filed by an inmate alleging a violation of his civil rights during his confinement in the Elmore County Jail. The Magistrate Judge has reviewed the complaint, as amended, and determined that this pleading cannot be properly and effectively processed by the court without further additional information from the defendant.[1] Accordingly, it is hereby

ORDERED that:

1. Defendant Roberts undertake a review of the subject matter of the complaint, as amended (a) to ascertain the facts and circumstances; (b) to consider whether any action should be taken by prison officials to resolve the subject matter of the complaint and

---

[1] In response to the court's July 28, 2006 order that he inform the court of the true names of the "Doe" defendants whom he alleges violated his constitutional rights, Plaintiff filed a "declaration" once again referencing only "Doe" defendants. The court notes Plaintiff's provision of certain physical features with respect to each "Doe" defendant in his effort to identify the persons whom he seeks to serve with the complaint but such descriptions do not adequately describe the persons to be sued so that such persons can be identified for purposes of service.

amended complaint; and (c) to determine whether other similar complaints, whether pending in this court or elsewhere, should be considered together.

2. A written report be filed with the court containing the sworn statements of all persons having knowledge of the subject matter of the complaint, as amended  This report shall be filed with the court and a copy served upon the plaintiff within forty (40) days of the date of this order.  <u>All defenses including immunity defenses must be set forth in the written report or such defenses may be waived.</u>  Authorization is hereby granted to interview all witnesses, including the plaintiff.  <u>Whenever relevant, copies of medical and/or psychiatric records shall be attached to the written report.</u>  <u>Where the plaintiff's claim or the defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines.</u>

3. Defendant shall identify the plaintiff's status during his incarceration in the county jail, i.e. whether he was a pre-trial detainee or convicted prisoner, at the time of the actions which form the basis for the instant complaint.

4. An answer be filed within forty (40) days of the date of this order.

5. <u>No</u> motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint and amended complaint be filed by any party without permission of the court.  If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.

6. <u>NOTICE TO PLAINTIFF</u>.

(a) The *Federal Rules of Civil Procedure* require that the plaintiff mail to the lawyer for the defendant or, if no attorney has appeared on behalf of the defendant, the defendant himself a true copy of **anything** which he sends to the court. Failure to do so may result in dismissal of this case or other penalties. Anything filed should contain a certificate of service which specifically states that the pleading has been sent to the lawyer for the defendant. If the pleading does not contain a certificate of service, it will not be accepted for filing.

(b) With the exception of the complaint and any response ordered by the court, "[n]o other pleading shall be allowed" in this cause of action. Rule 7(a), *Federal Rules of Civil Procedure*.

(c) Each pleading, motion or other application submitted to the court shall contain "a caption setting forth the name of the court, title of the action, the file number, and a designation[,]" Rule10(a), *Federal Rules of Civil Procedure*, and must be signed by the plaintiff. Rule 11(a), *Federal Rules of Civil Procedure*.

(d) Every application which requests an order or particular action by the court "shall be [presented] by motion which, unless made during a hearing or trial, shall be made in writing." Rule 7(b)(1), *Federal Rules of Civil Procedure*. The application "shall set forth with particularity the grounds" for the motion and "the relief or order sought." *Id*. Additionally, the request or application for relief must contain a proper caption setting forth a title designation which specifically states the action that the applicant or movant wants the

3

court to undertake. Rules 7(b)(2) and 10(a), *Federal Rules of Civil Procedure*. Any application or request which fails to comply with the directives of the civil rules as outlined in this order will not be accepted by the court for filing.

**The plaintiff is hereby advised that the court will consider only those requests presented in an appropriate motion which is in the proper form. Consequently, any application for relief or request for action *must be contained in the title of the motion* to warrant consideration by the court.**

(e) All amendments to a complaint must be labeled with the words "amendment to complaint" or similar language. Except as permitted by Rule 15(a), *Federal Rules of Civil Procedure*, no amendment to a complaint will be accepted by the court for filing **unless accompanied by a motion for leave to amend**.

(f) **All amendments to the complaint and/or motions to amend must be filed within ninety (90) days of the date of this order and the allegations contained therein must relate to the facts made the basis of the instant complaint**. Proposed amendments or motions to amend filed after this date will be considered untimely. Any such amendments or motions which contain claims unrelated to the claims presented in the original complaint will not be considered by the court.

(g) Plaintiff is informed that this case will proceed as quickly as possible and that he will be informed of all action the court takes.

(h) If the plaintiff moves to a different institution or is released, he must immediately inform the court and the defendants of his new address. Failure to comply with

this requirement will result in the dismissal of this case. In so doing, Plaintiff shall style this notification as a "Notice of Change of Address" and provide a copy of this notice to Defendants. Failure to comply with this requirement will result in a Recommendation that this case be dismissed;

(i) It is the responsibility of the plaintiff to furnish the clerk's office with accurate addresses for the defendant(s) whom plaintiff wishes to serve. Without accurate addresses, service of process is impossible. It is also the responsibility of the plaintiff to monitor this case to make sure that the persons whom plaintiff wishes to sue have been served. If a person has not been served, he/she is not a party to this lawsuit except in very unusual circumstances.

The plaintiff is specifically **CAUTIONED** that his failure to file motions, pleadings or other papers in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such documents not being accepted for filing. The CLERK is DIRECTED to not accept for filing any pleadings, motions or other applications submitted by the plaintiff which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

The CLERK is hereby DIRECTED to furnish a copy of this order to Plaintiff and a copy of this order together with a copy of the complaint, amended complaint, and all attachments to Defendant Roberts.

Done this 17th day of August 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE