IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JEREMIAH W. GREEN | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-667-WKW |
| | | (WO) |
| ELMORE COUNTY JAIL, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 26, 2006, Jeremiah Green ["Green"], an inmate currently in the custody of the Bureau of Prisons, initiated this 42 U.S.C. § 1983 action against the Elmore County Jail and Warden Aja Roberts. In his complaint, Green contends that Defendants subjected him to unconstitutional conditions of confinement during his 24-hour period of confinement in the Elmore County Jail.

On August 11, 2006 Green filed an amendment to his complaint in which he names Elmore County, Alabama, as a defendant. Upon review of the amended complaint, the court concludes that Green's claims against Elmore County, Alabama, are due to be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] 1. The instant complaint is subject to screening under the provisions of 28 U.S.C. § 1915(e)(2)(B). This statute requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon

## I.  DISCUSSION

Green alleges that, "[i]n the instant case, the Elmore County Jail, as an extension of the County of Elmore, has in place a policy that Plaintiff asserts is [i]n absolute contravention of his constitutional right to privacy, and to his 'safe keeping.'" (Doc. No. 7 at pg. 2.) In essence, Green maintains that Elmore County is liable to him under 42 U.S.C. § 1983 for the actions of the Warden and/or Sheriff of the Elmore County Jail in their daily operation of the jail. "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.' *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (*citing Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998). In deciding whether a county and/or its commissioners is liable under § 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785  (1997) (quoting *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989)).  "[A]n Alabama sheriff acts exclusively for the state rather than for the county

---

which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

in operating a county jail." *Turquitt*, 137 F.3d at 1288.[2]

As is clear from the foregoing, "Alabama sheriffs are not county policymakers in their daily management of county jails." *Turquitt*, 137 F.3d at 1292. "For § 1983 liability to attach to a county [and/or its commission], the policy at issue must have been made by a person who exercises final authority on behalf of the county with respect to that policy. *See McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736. Alabama law, however, clearly demonstrates that sheriffs possess only state policymaking authority when running the day-to-day affairs of a jail. *See Turquitt*, 137 F.3d at 1291-92." *Vinson v. Clarke County*, 10 F.Supp.2d 1282, 1295-1296 (S.D. Ala. 1998). Thus, Elmore County, Alabama, and/or the Elmore County Commission is not liable under § 1983 for the actions about which Green complains and the claims against this defendant are, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Elmore County, Alabama, be DISMISSED prior to

---

[2] 2. Under all facets of Alabama law, a county sheriff acts as a state officer "when supervising inmates and otherwise operating the county jails." *Turquitt*, 137 F.3d at 1289; *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama" and as such "is not an employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (a sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto."); *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority over the jail is totally independent of the [county commission].)"

service in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. Elmore County, Alabama, be DISMISSED as a party to the complaint, as amended;

3. This case with respect to the remaining defendant be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before **August 31, 2006** the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of August 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE