UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
RECEIVED

JEREMIAH W. GREEN,

2007 JAN 18 A 9: 40

    Plaintiff,        :

v.                        CIVIL ACTION NO.
                        2:06-CV-667-WKW-WC

ELMORE COUNTY JAIL, et al.,  :

    Defendants.         :

## MOTION FOR CLARIFICATION OR RECONSIDERATION
## OF THE MAGISTRATE JUDGE'S ORDER REGARDING "DOE" DEFENDANTS

COMES NOW, Jeremiah W. Green, Plaintiff in the above-styled
cause, and respectfully requests clarification or reconsideration
of Magistrate Judge Vanzetta Penn McPherson's Order of August 17,
2006, regarding the further involvement of the several "Doe"
Defendants names in Plaintiff's original claim, as amended.

Plaintiff submitted a declaration in  support of the notion
that the Court should allow flexibility as to the discovery of
the "Doe" corrections officers who violated Plaintiff's rights
while at the Elmore County Jail.  Plaintiff clearly described the
physical characteristics of each "Doe" corrections officer who
violated his rights.

The discussion by Magistrate Judge Vanzetta Penn McPherson
in the Order of August 17, 2006, seems to indicate that the "Doe"
Defendants were not continued in this action.  The following
discussion from Brown v. Sikes, 212 F.3d (CA11 2000), Plaintiff
feels is in direct tension of Her Honor's Order, [FN4] at 1209;

> Appellate Courts have acknowledged the difficulties faced
> by a prisoner in identifying alleged wrongdoers before
> filing a complaint and have directed district courts to
> assist prisoners in discovering the identity of the proper

defendants. ...As a pro se inmate of a [Federal] prison [Green] is at a distinct disadvantage in trying to discover those who were directly responsible for the [violations of his privacy]."

The Brown file dealt with "Doe" Defendants. Note id., at 1206, "He [Brown] named as defendants in the lawsuit the warden of his prison, Johnny Sikes, and various "Doe" Defendants.

Continuing to cite Brown, id., at 1208, "But a prisoner cannot provide that which he does not have; he cannot identify those whose identities are unknown to him." Through the continuing discovery process, Plaintiff is confident that the information which to date has been unknown to him, and to this Court, that is the individuals responsible for this pattern of Civil Rights violations will be identified.

**WHEREFORE**, if the reading of the first page of the August 17, 2006 Order dismissed the "Doe's" as parties to this instant controversy, Plaintiff respectfully requests reconsideration of such an Order by this Court.

**RESPECTFULLY SUBMITTED**, this 14th day of January, 2007.

Jeremiah W. Green, Plaintiff
Federal Prison Camp Atlanta
Post Office Box 150160
Atlanta, Georgia 30315-0160

### CERTIFICATE OF SERVICE

I, Jeremiah W. Green, hereby certify that on this 14th day of January, 2007, I have served the foregoing document on the following person(s):

Mr. C. Richard Hill, Jr.
Attorney for Defendant Sue Roberts
WEBB & ELEY,P.C.
Post Office Box 240909
Montgomery, Alabama 36124-0909

---2---

by placing a true and correct copy of the foregoing in the prison
mailing system mailbox located at the Federal Prison Camp Atlanta,
postage prepaid, on this 14th day of January, 2007.

Jeremiah W Green, Plaintiff
Federal Prison Camp Atlanta
Post Office Box 150160
Atlanta, Georgia 30315-0160