IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEREMIAH W. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-cv-667-WKW-WC |
| | ) |
| ELMORE COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT SUE ROBERTS'S RESPONSE TO PLAINTIFF'S DECLARATION**

COMES NOW Elmore County, Alabama, Jail Warden Sue Roberts, Defendant in the above-styled cause, and submits her Response to the Plaintiff's August 8, 2006 Declaration.

In Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992), one of the decisions cited by the Plaintiff in support of his attempt to plead "Doe" defendants,[1] the district court rejected the plaintiff's effort to name the "Chief Deputy of the Jefferson County Jail" as a defendant. However, the Eleventh Circuit determined that the plaintiff, Dean, should have been allowed to add "Chief Deputy of the Jefferson County Jail John Doe" as a defendant because Dean "described with sufficient clarity the head of the Jefferson County Jail as his additional defendant and brought to the attention of the court that [he] had yet to receive Sheriff Bailey's report, which would have provided [him] with the information needed to specifically name the 'Chief'." Dean, 951 F.2d at 1216; see also Russell v. Mobile County Sheriff, 2000 WL 1848470, *1 n.2

---

[1] The Plaintiff's Motion to Amend Defendants/Motion in Support of "Doe" Defendants (Doc. #7-1) inexplicably cites numerous decisions in which the respective courts held that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995). Furthermore, despite significant effort, counsel for Defendant Roberts was unable to locate the Martin II v. Niagara, et al., 1:05-cv-0868 (W.D.N.Y. 2006) decision discussed by the Plaintiff in his aforementioned Motion to Amend Defendants/Motion in Support of "Doe" Defendants (Doc. #7-1).

(S.D. Ala. 2000) (finding that plaintiff adequately identified the defendant when he named the "Sheriff of Mobile County" as a defendant). This excerpt strongly suggests that the district court's refusal to allow Dean to add "Chief Deputy of the Jefferson County Jail John Doe" as a defendant was deemed erroneous because it was only a matter of time before Dean received the sheriff's report and would have had the name of the individual who he designated as the "Doe" defendant.

The instant Plaintiff, on the other hand, is not awaiting receipt of the defendant's report – in fact, he has already received such a report, and should not be supplied the information he requests. His August 8, 2006 Declaration does not describe any Elmore County Jail employee by rank or position as precisely as did the plaintiff in Dean, supra, nor does the instant Plaintiff request to add only one easily identifiable defendant. Instead, he seeks to add *five (5)* "Doe" defendants who are referenced according to vague physical traits and the order in which he encountered them at the Jail (e.g., "Jack Doe was my second contact at the Elmore County Jail"). Such general characteristics are insufficient to permit the tardy addition of five (5) "Doe" defendants, especially when those ambiguous characteristics are compared to a unique identifier like "Chief Deputy of the Jefferson County Jail John Doe" used by the plaintiff in Dean, supra. See Dean, 951 F.2d at 1216 ("Dean described with sufficient clarity the head of the Jefferson County Jail as his additional defendant"). As a result, there is no guarantee that the individuals listed below are, in fact, the Elmore County Jail employees who the Plaintiff seeks to name as defendants.

Furthermore, Warden Roberts reiterates that fictitious party pleading is generally not permitted under the Federal Rules of Civil Procedure. See Rommell v. Automobile Racing Club of America, Inc., 964 F.2d 1090, 1098 n.14 (11th Cir. 1992); Harris v. Palm Harbor Homes, Inc.,

198 F. Supp. 2d 1303, 1304 (M.D. Ala. 2002); Collins v. Fingerhut Companies, Inc., 117 F. Supp. 2d 1283, 1283, n.1 (S.D. Ala. 2000); Edwards v. Alabama Dep't of Corrections, 81 F. Supp. 2d 1242, 1257 (M.D. Ala. 2000); Wiggins v. Risk Enterprise Mgmt. Ltd., 14 F. Supp. 2d 1279 (M.D. Ala. 1998); Floyd v. Allstate Ins. Co., 989 F. Supp. 1435, 1436 (M.D. Ala. 1998); McAllister v. Henderson, 698 F. Supp. 865, 869 (N.D. Ala. 1988); Weeks v. Benton, 649 F. Supp. 1297, 1298 (S.D. Ala. 1986); 15 Am. Jur. 2d Civil Rights § 155 citing Weeks, supra ("in a circuit where a 'John Doe' pleading is forbidden, a motion to strike fictitious defendants from a civil rights complaint will be granted"); but see Harris v. Beaulieu Group, L.L.C., 394 F. Supp. 2d 1348, 1356-57 (M.D. Ala. 2005) (declining to dismiss lawsuit "based on the *extraordinary circumstances presented*" by the fact that the only claims remaining were those against fictitious parties) (emphasis added).

Following a review of the Plaintiff's August 8, 2006 Declaration (Doc. #7-2), Defendant Roberts submits the following information in response to the Court's January 26, 2007 Order (Doc. #43-1). The individual identified in the Plaintiff's August 8, 2006 Declaration as "John Doe" may or may not be Correctional Officer Luke Reaves. The individual identified in the Plaintiff's August 8, 2006 Declaration as "Jack Doe" may or may not be then-Sergeant Bill McCoy. The individual identified in the Plaintiff's August 8, 2006 Declaration as "Jim Doe" may or may not be Lieutenant Clarence Buggs. The individual identified in the Plaintiff's August 8, 2006 Declaration as "Jane Doe" may or may not be Lieutenant Dorothy Weldon. The identity of the individual identified in the Plaintiff's August 8, 2006 Declaration as "Jeff Doe" is unknown.

**RESPECTFULLY SUBMITTED** this the 12th day of February, 2007.

        s/ C. Richard Hill, Jr.
        **C. RICHARD HILL, JR. (HIL045)**
        **DANIEL D. FORDHAM (FOR055)**
        Attorneys for Defendants Elmore County Jail
        and Warden Sue Roberts
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Drive (36117)
        Post Office Box 240909
        Montgomery, Alabama  36124
        Telephone:  (334) 262-1850
        Fax:  (334) 262-1889
        E-mail: rhill@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of February, 2007, I electronically filed the Defendant's Response to the Plaintiff's Declaration with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Mail, postage prepaid, to the following non-CM/ECF participant:

Jeremiah W. Green
Federal Prison Camp – Atlanta
Post Office Box 150160
Atlanta, Georgia 30315-0160

        **s/C. Richard Hill, Jr.**
        **OF COUNSEL**