IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JEREMIAH W. GREEN | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-667-WKW |
| | | (WO) |
| AJA ROBERTS, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this complaint on July 26, 2006. On February 28, 2007 the court directed Defendants Reaves, McCoy, Buggs, and Weldon to file an answer and written report addressing Plaintiff's claims for relief.[1] In compliance with the court's order, Defendants McCoy, Buggs, and Reaves submitted written reports on April 9, 2007 and May 7, 2007 (Doc. Nos. 56, 57) which contained relevant evidentiary materials refuting the allegations presented in the instant complaint, as amended. The court then issued an order directing Plaintiff to file a response to Defendants McCoy, Buggs, and Reaves' written reports. (Doc. No. 58.) Plaintiff was advised that his failure to respond to Defendants McCoy, Buggs, and Reaves written reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. (emphasis in

---

[1] Service of the complaint, as amended, was not effected on Defendant Weldon because she was not at the address provided by Plaintiff. At the time Defendants McCoy, Buggs, and Reaves filed their special reports, Plaintiff had not provided a service address for Defendant Weldon as directed by court order.

original). Additionally, Plaintiff was **"specifically cautioned that [his failure] to file a response in compliance with the directives of this order"** would result in the dismissal of this case. *Id*.

The time allotted Plaintiff for the filing of a response the special reports filed by Defendants McCoy, Buggs, and Reaves expired on May 29, 2007. As of the present date, Plaintiff has filed nothing in opposition to Defendants McCoy, Buggs, and Reaves written reports as required by order filed May 8, 2007. In light of the foregoing, the court concludes that Plaintiff's complaint, as amended, against Defendants McCoy, Buggs, and Reaves should be dismissed.

The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal against the Defendants noted above is appropriate. After such review, it is clear that dismissal of the complaint, as amended, against Defendants McCoy, Buggs, and Reaves is the proper sanction. Plaintiff has exhibited a lack of respect for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is, therefore, apparent that any additional effort by this court to secure Plaintiff's compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims against Defendants McCoy, Buggs, and Reaves, and his failure to comply with the orders of this court, and his failure to properly prosecute this cause of action against Defendants McCoy, Buggs, and Reaves warrants dismissal of this case against these Defendants. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) (interpreting Rule

41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc., v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint, as amended, against Defendants McCoy, Buggs, and Reaves be DISMISSED without prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **July 31, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of July 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE